**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**


VAUGHN HOEFLIN STANDLEY,
              Appellant,

        v.

DEPARTMENT OF ENERGY,
              Agency.

DOCKET NUMBER
DC-1221-18-0284-X-1

DATE: May 17, 2023


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vaughn Hoeflin Standley</u>, Gainesville, Virginia, pro se.

<u>Saul Ramos</u>, Albuquerque, New Mexico, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]


**FINAL ORDER**

¶1      On August 30, 2019, the administrative judge issued a compliance initial decision finding the agency in noncompliance with a November 21, 2018 initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

decision, which granted, in part, the appellant's request for corrective action in his individual right of action (IRA) appeal. *Standley v. Department of Energy*, MSPB Docket No. DC-1221-18-0284-C-1, Compliance File (CF), Tab 22, Compliance Initial Decision (CID); *Standley v. Department of Energy*, MSPB Docket No. DC-1221-18-0284-W-1, Initial Appeal File, Tab 29, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      In the November 21, 2018 initial decision, the administrative judge found that the appellant proved his prima facie case of whistleblower reprisal and that the agency failed to prove by clear and convincing evidence that it would have taken some of the same actions in the absence of his protected activity—namely, rating him as "Fully Meets Expectations" in Specific Performance Objective (SPO) #1 for Fiscal Years (FY) 2015 and 2016. ID. Accordingly, she granted, in part, the appellant's request for corrective action in his IRA appeal and ordered the agency to reconstruct his FY 2015 and FY 2016 ratings of record for SPO #1 and to provide him any associated bonus or other award to which he was entitled in light of his reconstructed ratings. ID at 48-49. After neither party filed a petition for review, the initial decision became the final decision of the Board on December 26, 2018. ID at 50; *see* 5 C.F.R. § 1201.113.

¶3      On February 8, 2019, the appellant petitioned for enforcement of the initial decision, arguing that the agency had failed to properly reconstruct his performance rating for SPO #1 in accordance with the initial decision. CF, Tab 1. The administrative judge agreed, issuing an August 30, 2019 compliance initial decision granting the petition for enforcement and ordering the agency to change the appellant's FY 2015 and FY 2016 ratings for SPO #1 to "Significantly Exceeds Expectations" and to provide him any associated bonus or other award to which he was entitled in light of the upgraded rating. CID at 10-11. On

October 4, 2019, the agency filed with the Board a notice of compliance indicating that it had changed the appellant's ratings as ordered by the administrative judge and that it had determined that the upgraded ratings entitled him to additional performance awards of $1,565[3] for FY 2015 and to $1,528 for FY 2016. *Standley v. Department of Energy*, MSPB Docket No. DC-1221-18-0284-X-1, Compliance Referral File (CRF), Tab 1 at 2, 4. The agency provided copies of the corrected performance appraisals for FY 2015 and FY 2016. *Id.* at 5-17.

¶4       In an October 4, 2019 acknowledgment order, the Clerk of the Board informed the appellant that he could respond to any agency submission regarding compliance within 20 days of the date of service and that, in the absence of a response, the Board may assume that he is satisfied and dismiss the petition for enforcement. CRF, Tab 2 at 2. The appellant responded on October 10 and 21, 2019, stating that he had not received the additional bonus awards and arguing that the responsible agency officials should be sanctioned for their delay and repeated failures to timely comply with the Board's orders. CRF, Tabs 3-4.

¶5       On November 4, 2019, the agency submitted additional evidence of compliance, including Standard Forms (SF) 50 (Notifications of Personnel Actions) correcting the appellant's lump sum performance awards for FY 2015 and FY 2016 to reflect increases of $1,565 and $1,528, respectively. CRF, Tab 5 at 5-6. The agency also provided an email showing that the request to process the corrected payments was sent to the Defense Finance and Accounting Service (DFAS) on October 23, 2019, and that, according to DFAS, it would process the

---

[3] Although the agency's pleading states that the appellant would receive an additional $1,519 for his FY 2015 performance award, CRF, Tab 1 at 2, the attached evidence reflects that he was entitled to an additional $1,565, *id.* at 4. In light of other evidence submitted by the agency, it appears that the additional bonus amount of $1,565 for FY 2015 is correct and was paid, and that the agency's reference to $1,519 was a typographical error. CRF, Tab 5 at 5 (SF-50 correcting the appellant's FY 2015 performance award from $569 to $2,134, a difference of $1,565).

payments within 30 days.  *Id.* at 7.  The appellant did not respond to the agency's additional evidence of compliance.

¶6        When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred.  *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006).  The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[4]  *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d).  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan*, 116 M.S.P.R. 319, ¶ 5.  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Id*.

¶7        As set forth above, the administrative judge found that the agency failed to demonstrate by preponderant evidence that it properly reconstructed the appellant's performance appraisals for FY2015 and FY2016 with respect to SPO #1.  Accordingly, she directed the agency to change the appellant's rating for SPO #1 in his FY 2015 and FY 2016 performance appraisals from "Fully Meets Expectations" to "Significantly Exceeds Expectations" and to provide him with any associated bonus or other award to which he was entitled in light of these upgraded ratings.  CID at 10-11.  The agency has now submitted evidence showing that it changed the appellant's rating of record for SPO #1 to "Significantly Exceeds Expectations" in both his FY 2015 and FY 2016 performance appraisals and that it sent to DFAS for processing and payment

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

additional performance awards in the amounts of $1,565 for FY 2015 and $1,528 for FY 2016.  CRF, Tab 1 at 4-8, 11-15, Tab 5 at 5-7.  The appellant has not disputed that the agency correctly changed his rating of record in accordance with the compliance initial decision, nor has he challenged the calculation or payment of the additional performance awards stemming from the improved ratings.

¶8        In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement.[5]  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

---

[5] To the extent that the appellant requests that the Board sanction the agency for its delay in paying him the additional performance awards, the Board lacks authority to impose sanctions once compliance has been obtained.  *Bruton v. Department of Veterans Affairs*, 112 M.S.P.R. 313, ¶ 14 (2009).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.